OPINION
Defendant-appellant Debra Napper ("Debra") brings this appeal from the judgment of the Court of Common Pleas of Allen County modifying the child support owed by plaintiff-appellee Redell Napper ("Redell").
On May 25, 2000, the Allen County Child Support Enforcement Agency ("ACCSE") filed a motion to modify Redell's child support due to his change in employment status. A hearing was held on the matter on September 21, 2000. At the close of the hearing, the trial court ruled that the child support owed by Redell would increase from $50.00 per child to $100.00 per child. No child support calculation worksheet was filed. Thus, this court remanded the case for the completion of a worksheet.
On April 12, 2001, a second hearing was held before the trial court. No transcript of this proceeding was submitted as appellant claims no new evidence was presented. On June 14, 2001, the trial court entered its findings of fact and conclusions of law, including a child support calculation worksheet. The trial court then found that a deviation from the worksheet was necessary due to the disparity in income between the parties. The trial court ordered that Redell would pay $100.00 per child per month in child support. It is from this judgment that ACCSEA appeals.[1]
ACCSEA raises the following assignments of error.
 The trial court abused its discretion in finding that the Federal and State "resources" were income that should be considered for deviation factors.
 The trial court abused its discretion in finding that the prior acrimonious history of the parties and the immediate filing for a modification upon Redell gaining full time employment should be considered as a factor for deviation from child support guidelines.
In both assignments of error, ACCSEA claims that the trial court considered improper material to support its decision to deviate from the worksheet. ACCSEA points to testimony in the record from the September 21, 2000, hearing to support its claim. ACCSEA claims that there was no additional evidence presented at the April 12, 2001 hearing. However, the trial court issued new findings of facts and conclusions of law after the April hearing. It is the duty of the appellant to provide the portions of the record necessary for the determination of whether a finding was supported by the record or not. App.R 9(B). No new transcript was provided to this court. Thus, we have no way of knowing the basis for the trial court's findings. Without evidence in the record to the contrary, we must presume that the trial court corrected any errors in the first hearing and that its findings and conclusions are supported by the evidence.[2]
The trial court, in reaching its conclusion made several findings of fact in support of deviation. Although there may have been consideration of some improper factors, that decision may also have been based upon other proper factors. Without a record from which to completely review the evidence before it, we cannot find that the trial court abused its discretion. Thus, the assignments of error are overruled.
The judgment of the Court of Common Pleas of Allen County is affirmed.
WALTERS, P.J., and HADLEY, J., concur.
[1] Debra assigned her rights to child support to ACCSEA when she began receiving aid for dependent children.
[2] ACCSEA's assertion in its brief that there was no new evidence is not evidence.